CHRISTIAN et al. v. PARMER COUNTY.
(No. 2773.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 23, 1927.

Rehearing Denied March 30, 1927.

1. Counties ⚖➙101(6)—In suit on county treasurer's bond, bond signed by two solvent parties not named in petition is inadmissible.

In action on bond of county treasurer, bond signed by two parties not named in petition and shown to be solvent is inadmissible, where no legal reason is assigned why they are not sued.

2. Counties ⚖➙64—Affidavit as to financial worth is not part of county treasurer's bond.

Affidavit as to financial worth in county treasurer's bond is not part of obligation of bond, and is not required by statute in order to create valid bond.

3. Counties ⚖➙96—Persons signing affidavit as to financial worth of sureties on county treasurer's bond, but not signing bond, are not liable as sureties.

Affidavit on county treasurer's bond as to financial worth of sureties cannot be used to

impute liability to persons signing such affidavit, who did not sign bond.

4. Counties ⚖➙64—County treasurer's bond contains obligations to pay, condition, if any, testimonium clause, signature, and seal.

County treasurer's bond consists of obligation to pay specified sum to person named at stated time, condition, if any, testimonium clause, and signature and seal.

5. Counties ⚖➙64—It is immaterial whether sureties on county treasurer's bond sign at end or in body of bond.

It is immaterial where county treasurer's bond is signed by sureties, whether at end or in body of bond, as question always is one of fact whether party intended to bind himself.

6. Judgment ⚖➙256(7)—In action on county treasurer's bond, judgment for auditor's fee held proper though not declared save by prayer for costs (Rev. St. 1925, art. 2292).

In action on county treasurer's official bond, judgment may be rendered for auditor's fee, though plaintiff did not declare on such fee as part of debt sued for, in view of Rev. St. 1925, art. 2292, where auditor was appointed and made report, fee was taxed as part of costs, and plaintiff's general prayer was for recovery of costs.

7. Counties ⚖➙101(2)—County may sue on treasurer's bond without demand or notice to sureties that payment is required of them.

County may bring suit on county treasurer's official bond, though no demand or notice be given to sureties that payment is required of them.

Appeal from District Court, Parmer County; Reese Tatum, Judge.

Action by Parmer County against C. E. Christian and others. Judgment for plaintiff, and defendants appeal. Affirmed.

H. D. Payne, of Fort Worth, for appellants. Williams & Martin, of Plainview, for appellee.

RANDOLPH, J. Parmer county filed this suit against appellants for $1,855.56, with 6 per cent. interest thereon, against W. M. Savage, as principal, and C. E. Christian, John F. Foster, Frank W. Ayers, W. A. Dosher, M. Dickson, G. H. Miller, W. J. Minor, and Mrs. N. L. Ball, as the survivor in community or administratrix of the estate of J. T. Ball, as sureties upon the official bond of Savage as county treasurer, occasioned by an alleged defalcation on the part of Savage. Before going into the trial of the case, plaintiff dismissed as to Mrs. Ball because of the insolvency of the estate of J. T. Ball, deceased. On the trial of the case before a jury, the court instructed a verdict for the plaintiff, from which judgment defendant has appealed to this court.

[1] Appellant presents five propositions, which are in effect only three. The question is raised of alleged error in that the court

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

permitted the introduction in evidence of the bond sued on over the objection of the defendant that the bond so offered in evidence was not the bond declared on, in that the bond tendered in evidence was signed by two parties who were not named in the petition, when the record shows them solvent, and no legal reason was assigned why they were not sued.

[2, 3] This proposition presents a valid objection to the admissibility of such bond as evidence if the facts justified the objection. The bond was in regular form and was signed by the parties sued, together with J. T. Ball, whose administratrix was sued, and was acknowledged before A. B. Crane, notary public. Below Crane's jurat appeared an ex parte joint affidavit setting out the amount of property each was worth, after deducting therefrom his exempt property. The names of Christian, Foster, Ayers, and Dosher, who are named in the plaintiff's petition, together with the names of R. A. Hawkins and J. M. McCuan, who were not sued, appeared thereon. The names of Hawkins and McCuan appear signed nowhere in the bond or at the end of it. The affidavit as to the financial worth is no part of the obligation sued on, and such affidavit is not required by the statutes of Texas in order to create a valid bond. Evidently such affidavit was made that the commissioners' court might estimate the solvency of the sureties signing such bond. But Hawkins and McCuan did not sign the bond, and such affidavit cannot be used to impute liability to them as sureties.

[4] A bond is constituted by the following parts: (1) The obligation to pay a specified sum to a person named at a stated time. (2) The condition, if any. (3) The testimonium clause, followed by the signature and seal. 4 R. C. L. p. 48.

[5] It is true that it is immaterial where the bond is signed by the sureties, whether at the end or in the body of the bond, as the question always is one of fact whether the party intended to bind himself. 4 R. C. L. p. 47. But where the name is without the body of the bond or is not affixed at the customary place for signing at the end thereof, it is clear that such signature, found in an instrument which does not constitute a part of the bond, does not raise the question as to whether such-party intended to bind himself.

[6] Appellant contends that neither the pleading nor the proof furnished any basis for a judgment for the auditor's fee. It was in proof that an auditor was appointed; that he made a report to the court, to the items of which no exceptions were taken; that his fee was taxed by the clerk as a part of the costs; that plaintiffs' general prayer was for a recovery of costs.

Article 2292, Revised Civil Statutes 1925, provides for the appointment of an auditor by the court, and also provides that the court shall award him reasonable compensation to be taxed as costs of the suit. It was not necessary, therefore, for the plaintiff to have declared upon such auditor's fee as part of the debt sued for. No motion to retax costs was made by the appellants.

[7] Appellants also contend that no notice was given to the sureties that payment was required of them before the institution of the suit. No such demand or notice was necessary on the part of the plaintiff. Coe v. Nash (Tex. Civ. App.) 40 S. W. 235, 242. This case, it is true, was reversed by the Supreme Court, but on other grounds than for which it is cited. See, also, 9 C. J. p. 81, § 142.

There being no reversible error, the judgment of the trial court is affirmed.